■ ROSLYN UNION FREE SCHOOL DISTRICT, Respondent, v GEFFREY W. et al., Appellants. [740 NYS2d 451] —In an action, inter alia, to permanently enjoin the infant defendant from regular instruction at the Roslyn Middle School and to place him on homebound instruction, the defendants appeal from an order of the Supreme Court, Nassau County (Segal, J.), entered January 16, 2001, which, after a hearing, granted the plaintiff's

motion for a preliminary injunction extending the suspension from school of the infant defendant and placing him on homebound instruction pending the completion of a psychiatric evaluation and a review by the Committee on Special Education of the plaintiff Roslyn Union Free School District.

Ordered that the order is affirmed, with costs.

Pursuant to 20 USC § 1415 (j) and Education Law § 4404 (4) (a), a student shall remain in his then-current educational placement during the pendency of any proceedings regarding whether he is disabled as contemplated by these statutes. As such, even where a student poses a danger to himself or others, a school district may not unilaterally change the student's placement from regular instruction to homebound instruction while such proceedings are pending (*see Honig v Doe,* 484 US 305, 327-328). However, a school district is entitled to seek injunctive relief, pursuant to 20 USC § 1415 (k) (2) (A), authorizing it to extend a student's suspension upon a showing that maintaining the student in his current placement is substantially likely to result in injury to himself or to others (*see Honig v Doe, supra*; *East Islip Union Free School Dist. v Andersen,* 161 Misc 2d 945, 948).

The evidence submitted by the plaintiff, Roslyn Union Free School District, clearly demonstrated that permitting the infant defendant to return to regular classroom instruction is substantially likely to result in injury to himself or to others. The undisputed evidence most notably reveals that he has run out of classrooms, as well as the school building, dangerously close to the Long Island Expressway, without permission, chased other students in the classroom, hit teachers and students with either a folder or crumpled paper, and chewed on sharp objects while leaning back in his chair. Accordingly, the Supreme Court properly granted a preliminary injunction extending the suspension from school of the infant defendant and placing him on homebound instruction pending the completion of a psychiatric evaluation and a review by the School District's Committee on Special Education. Altman, J.P., McGinity, Townes and Crane, JJ., concur.